[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2011
JOHN LEY
CLERK

_____

No. 09-16344

_____

D. C. Docket No. 09-21950-CV-DLG

HILARIO HENRIQUEZ,

                                                        Plaintiff-Appellant,

versus

NCL (BAHAMAS), LTD.,
d.b.a. NCL,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 6, 2011)

Before PRYOR and COX, Circuit Judges, and WATKINS,[*] District Judge.

PER CURIAM:

---

[*] Honorable W. Keith Watkins, United States District Judge for the Middle District of Alabama, sitting by designation.

Hilario Henriquez appeals an order compelling arbitration of his complaint against his former employer, Defendant NCL (Bahamas) Ltd. Our precedents, Lindo v. NCL (Bahamas) Ltd., No. 10-10367 (11th Cir. Aug. 29, 2011), and Bautista v. Star Cruises, 396 F.3d 1289 (11th Cir. 2005), foreclose Henriquez's arguments. We affirm.

Henriquez, a citizen and native of Nicaragua, is a former employee of Defendant NCL (Bahamas) Ltd., which operates Norwegian Cruise Lines. NCL employed Henriquez as a dishwasher aboard the Norwegian Star. Like the seaman in Lindo, Henriquez signed an employment contract that mandated arbitration in Nicaragua under Bahamian law for any employment dispute between Henriquez and NCL. During his employment, Henriquez alleged that another crew member smashed a glass bottle on his head and stabbed him while they were aboard the cruise ship.

In 2009, Henriquez filed in a Florida court a complaint against NCL for the injuries he sustained when his fellow crew member attacked him. The complaint alleged claims of negligence under the Jones Act, 46 U.S.C. § 30104, maintenance and cure, and unseaworthiness. NCL removed the action to the district court and moved to compel arbitration. The district court ordered the parties to arbitrate their dispute.

We review de novo orders to compel arbitration. Lindo, No. 10-10367, slip op. at 39 n.15.

Henriquez relies on our decision in Thomas v. Carnival Corp., 573 F.3d 1113 (11th Cir. 2009), to support his argument that public policy prohibits the enforcement of his arbitration agreement because an arbitrator in Nicaragua applying Bahamian law might not recognize his claim under the Jones Act, but Lindo rejected this exact argument. Henriquez cannot avail himself of the public policy defense at this stage. As we held in Lindo, only after arbitration may a court "refuse to enforce an arbitral award if the award is contrary to the public policy of the country." No. 10-10367, slip op. at 10.

Henriquez also argues that he signed his employment contract under duress, which makes his arbitration agreement "null and void," but that argument is foreclosed by Bautista, 366 F.3d at 1302. In Bautista, we refused to recognize unconscionability as a defense to enforcement of this kind of arbitration agreement. Henriquez argues that the district court should not have compelled arbitration because he did not have the opportunity to read the contract before signing it and, if he did not sign it, he would not have been allowed to stay on the ship to work. Although Henriquez labels this defense as "duress," he makes essentially the same argument that we rejected in Bautista. The district court correctly reasoned that

3

Henriquez's "assertions do not amount to duress, but rather, a tough choice." Hilario Henriquez v. NCL (Bahamas) Ltd., No. 09-21950, slip op. at 9 (S.D. Fla. Nov. 17, 2009).

Henriquez argues that an amendment to the Jones Act, Pub. L. No. 110-181, § 3521(a), 122 Stat. 3, 596 (2008) (codified as amended at 46 U.S.C. § 30104), which deleted the venue provision, renders his claim under the Jones Act non-arbitrable, but Lindo squarely rejected this argument. No. 10-10367, slip op. at 64–66. We are bound by Lindo.

Finally, Henriquez argues that his claim for maintenance and cure is non-arbitrable because it arose from his employment relationship with NCL, not from the employment contract. Bautista forecloses this argument. 396 F.3d at 1303. In that decision, we affirmed an order that compelled arbitration of a claim for maintenance and cure based on an arbitration provision in the same kind of employment contract.

The order compelling arbitration is **AFFIRMED**.