[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13865
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-21966-PCH

ROY DAVID CASTILLO ARAUZ,

Plaintiff-Appellant,

versus

CARNIVAL CORPORATION,
d.b.a. Carnival Cruise Lines, Inc.,
FUTURA CRUISES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2012)

Before MARCUS, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Plaintiff Roy David Castillo Arauz appeals the district court's order compelling

arbitration of his claims against his employer, Carnival Corporation. Our precedent

in *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011), forecloses Arauz's argument. Therefore, we affirm.

BACKGROUND

Arauz, a Panamanian seaman, suffered an injury while working aboard the Carnival ship *Destiny*. His employment contract called for all disputes "arising out of or in connection with" that contract to be arbitrated in Panama City, Panama under Bahamian law. Despite this provision, Arauz sued Carnival in a Florida state court alleging: (1) negligence under the Jones Act; (2) unseaworthiness; (3) failure to treat and inadequate medical care; and (4) failure to provide entire maintenance and cure. Carnival timely removed to the district court for the Southern District of Florida. Carnival then moved to compel arbitration.[1]

Arauz countered that the arbitration provision was unenforceable under *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009).[2] The arbitration

---

[1] The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), as incorporated in the United States' Code, 9 U.S.C. § 201, requires the courts of member states to enforce certain arbitration agreements. Convention, art. II(3), July 10, 1958, 21 U.S.T. 2517. The United States is a party to the Convention, and it is undisputed that the arbitration agreement at issue falls within its scope.

[2] Under the Convention, a court does not have to order arbitration if the agreement is "null and void." Convention, art. II(3). The "null and void" clause limits the possible challenges at the arbitration-enforcement stage of the litigation to standard breach-of-contract defenses—"such as fraud, mistake, duress, and waiver—that can be applied neutrally on an international scale." *Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005); *see Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1278 (11th Cir. 2011).

Article V of the Convention permits member states to refuse to recognize an arbitration

agreement in *Thomas* required the application of foreign law in a foreign forum.  We

held that this agreement acted as a prospective waiver of the plaintiff's statutory

rights under United States' law.  *Id.* at 1123.  We further held that the public policy

of the United States made such prospective waivers "null and void" under the

Convention.  *Id.* at 1124.

In response to Arauz's motion to remand, Carnival filed a stipulation, which

provided:

> Carnival will waive its contractual right to the application of foreign law to Plaintiff's claims in arbitration.  Further, Carnival defers to Plaintiff's Jones Act claim and agrees to the application of U.S. law to Plaintiff's Jones Act claim.

(R.1-4 at 1.)  Arauz rejected the stipulation and argued that Carnival could not

unilaterally modify the arbitration provision in his employment contract.  The district

court disagreed.  It found that Carnival's unilateral stipulation eliminated the public

policy concerns identified in *Thomas*.  It entered an order compelling arbitration.[3]

---

award if it violates that country's public policy.  Convention, art. V(2)(b).  But this defense applies only to the award-enforcement stage of the litigation, not the arbitration-enforcement stage.  *See Lindo*, 652 F.3d at 1263.  Still, in *Thomas*, we read Article II and V together and created a public policy defense for the arbitration-enforcement stage.  *See Lindo*, 652 F.3d at 1274; *see also Thomas*, 573 F.3d at 1124 n.17.

[3] Because we decide this case on other grounds, we do not address whether the district court properly accepted Carnival's stipulation.  We merely note that the district court's order accepted the stipulation as binding and that neither Carnival nor Arauz have challenged that decision on appeal.

After the court entered that order, we decided *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011). We noted our holding in *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005), that only standard breach-of-contract defenses—"such as fraud, mistake, duress, and waiver—that can be applied neutrally on an international scale" can invalidate an arbitration agreement at the arbitration-enforcement stage. *Lindo*, 652 F.3d at 1278. We said that *Thomas* clearly violated *Bautista*'s holding and therefore our prior panel precedent rule.[4] *Id.*

## DISCUSSION

"We review de novo the district court's order to compel arbitration." *Bautista*, 396 F.3d at 1294 (citation omitted). Arauz raises two issues on appeal. First, he contends that a public policy defense exists at the arbitration-enforcement stage under the Convention. Second, Arauz contends that unconscionability is a standard breach-of-contract defense under the Convention.

Arauz acknowledges that *Lindo* forecloses his public policy argument. He also acknowledges that we cannot overrule *Lindo*. *United States v. Smith*, 122 F.3d 1355, 1359 ("Under the prior panel precedent rule, we are bound by earlier panel holdings . . . unless and until they are overruled en banc or by the Supreme Court.").

---

[4] Another panel has followed *Lindo* in an unpublished opinion. *See Henriquez v. NCL (Bahamas), Ltd.*, 440 F. App'x 714 (11th Cir. 2011).

4

In his initial brief, Arauz anticipated that the *Lindo* panel would vacate its opinion because that case settled out of court before the mandate issued. But *Lindo* was not vacated and remains binding precedent in this circuit.

Arauz also argues that unconscionability is a standard breach-of-contract defense under the Convention. *Bautista* considered but rejected this argument, saying "[i]t is doubtful that there exists a precise, universal definition of the [unconscionability] defense that may be applied effectively across the range of countries that are parties to the Convention . . . ." *Bautista*, 396 F.3d at 1302. Arauz contends that *Bautista* permits recognition of unconscionability as a standard breach-of-contract defense if it "can be applied neutrally on an international scale." *Id.* (quotation omitted). But Arauz did not raise this issue before the district court. Rather he raised it in his initial brief on appeal. Generally, we will not consider issues raised for the first time on appeal. We have recognized five exceptions to this general rule.[5] *See, e.g.*, *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355,

---

[5] "We have permitted issues to be raised for the first time on appeal under five circumstances[.] First, an appellate court will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice. Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the district court level. Third, the rule does not bar consideration by the appellate court in the first instance where the interest of substantial justice is at stake. Fourth, a federal appellate court is justified in resolving an issue not passed on below . . . where the proper resolution is beyond any doubt. Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern." *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (ultimately

360–61 (11th Cir. 1984). This case does not fall within one of these exceptions.

Thus, we decline to consider his unconscionability argument.

CONCLUSION

*Lindo* requires us to affirm the order compelling arbitration.

AFFIRMED.

---

quoting *Dean Witter Reynolds, Inc.*, 741 F.3d at 360–61) (internal quotations and citations omitted) (emphasis omitted).